GILBERT ROGERS *v.* VERNON JONES, *Clerk, Etc.*

(No. 7995)

Submitted July 24, 1934.   Decided July 31, 1934.

*Robert L. Hogg* and *William H. Rardin,* for relator.
*Homer A. Holt,* Attorney General, and *Stephen K. Vaught,* for respondent.

HATCHER, JUDGE:

The petitioner sought to file with the respondent, a circuit clerk, a certificate of candidacy for nomination as a member of a county board of education, for the regular term alleged to commence January 1, 1935.   Respondent refused to accept the certificate on the ground that such regular term commenced July 1, 1935.   Petitioner asks here that respondent be required to accept the certificate.

The county board of education was created by chapter 8, Acts of the Legislature, at its first extraordinary session in 1933.   The act was effective from May 22, 1933. Section 1 of Article V of the act provided (in part) that the board should consist of five members who should be citizens of the county; that the members should be elected by the voters of the county at the general election for the year 1934; that the board should meet on the first Monday in July next after the election and organize; and that an "interim board" should be appointed (by the state superintendent of schools) to take office on July 1, 1933,

and to serve until their successors should be elected and qualified as therein provided.

Counsel for petitioner contend that the statute makes county officers of members of the board, and that as such their terms commence the first day of January under the Constitution of West Virginia, Article IV, section 7. That section provides that the terms of county officers "not elected or appointed to fill a vacancy, shall, unless herein otherwise provided, begin on the first day of January." We are not in entire accord on whether the board members are *county officers* within the meaning of the Constitution. We consider accordance thereon not of major importance, however, in view of the following provisions of Article XII of the Constitution: Sec. 1. "The Legislature shall provide, by general law, for a thorough and efficient system of free schools." Sec. 3. "The Legislature may provide for county superintendents, and such other officers as may be necessary to carry out the objects of this article and define their duties, power and compensation."

It will be observed (a) that the Constitution *commanded* the Legislature to establish a system of free schools; (b) that no directions or restrictions whatever were imposed in that mandate; and (c) that the Legislature was given specific authority to provide such officers as might be necessary to make the system efficient. This direct conferment of unlimited power on the Legislature is inconsistent with indirect circumscription of that power by the general provisions of Article IV, section 7. We cannot conceive that the Constitution would repose such absolute confidence in the judgment of the Legislature as Article XII demonstrates, yet at the same time disallow legislative discretion regarding the one minor matter of when the terms of certain school officers should commence. Section 7, *supra,* itself contemplated that the beginning of official terms would be "otherwise provided" by the Constitution. We are of opinion that the sweeping terms of Article XII, sections 1 and 3, make such *other provision.*

If support be needed for our conclusion, it is given by

the fact that for more than sixty years (since 1873) the terms of *county* superintendents of schools (as much county officers as the county board of education) have been arranged to begin on other dates than the first day of January, and that this arrangement has not even been legally challenged to our knowledge.

Counsel also contend that even if Article IV, section 7, does not prevent legislative action on this matter, the Legislature failed to designate when the term of a board member should begin. It is true that the act contains no specific designation of the term. The act does provide, however, that the members elected at the general election "shall meet on the first Monday in July next * * * and organize." The board cannot function as such until organized. When organized, the official life of the members begins. It therefore seems clear that fixing the time of organization is tantamount to fixing the beginning of the official term.

Counsel contend that a "short term" necessarily intervenes under the Constitution between the regular election in 1934 and the beginning of a board member's regular term. As petitioner has not attempted to file a certificate for such alleged short term, we are of opinion he is not entitled to raise that question.

Since there is no regular term of the board members beginning January 1, 1935, the respondent very properly rejected the certificate of candidacy specifying such a term.

The writ is accordingly denied.

*Writ denied.*