WALTER' M. ELSWICK, Judge,
dissenting.
A majority of the court refused to docket this claim, and after doing so refused to permit the claimant to show cause *208 that the claim should be docketed, and assigned as the reason for its action that a county board of education is not a state agency within the meaning of the act creating the state court of claims. No effort was made to distinguish between the status of an employee of a board of education who is injured while in the course of his employment and a pupil injured while attending one of the public schools of the state. In the case of an employee contracting for employment it can be said that he assumes the risk and hazard of his employment, and since the Legislature has not provided by general law for a remedy he is presumed to know the law. It cannot be said that a pupil or his parents assume the risk and hazards of being injured by negligence of the officers and employees of the free school system of the state, in view of the provisions of article 12, section 1 of the constitution, namely: “The Legislature shall provide, by general law, for a thorough and efficient system of free schools,” and in view of code of West Virginia chapter 18, article 8, section 1, making it compulsory for a child between the ages of seven and sixteen years to attend a school.
It has been the practice of the Legislature to provide a remedy by special laws to employees of boards of education injured during the course of their employment. The gist of these special acts of the Legislature was to authorize individual boards of education, in their discretion, to make settlement with the employees injured as will appear from the following special acts of the Legislature of 1941, namely: (1) House Bill No. 185, chapter 138 authorizing Gilmer county board of education to make settlement with Rolla Yerkey for injuries received while an employee of said board; (2) Senate Bill No. 85, chapter 139 authorizing Greenbrier county board of education to settle claim of Mabel Fulwider for injuries received from the explosion of a stove while employed as janitor of said board; (3) House Bill No. 11, chapter 140 authorizing Jefferson county board of education to compromise and make settlement with Mrs. W. P. Engbrecht for the death of her husband, who fell while he was washing windows in the high school building in Harpers Ferry district of said Jefferson county; (4) House Bill No. 279, chapter 132, authorizing Boone county *209 board of education to pay James Midkiff a monthly sum for life, or to make a settlement with him, for permanent injuries received by him while in the employment of said board.
Article 12, section 5 of the constitution pertaining to raising in each county or district a proportion of the amount required for the support of free schools provides that the same “shall be prescribed by general laws.” It is, therefore, doubtful if such special acts comply with this provision of the constitution although our courts have held that this provision was not applicable to a special act providing for the establishment of a high school. Casto v. Upshur County High School Board, 94 W. Va. 513, 119 S. E. 470.
As pointed out in the majority opinion in the claim of J. C. Richards, et al, (Court of Claims, Case Number 48) there is no such limitation or restriction in the constitution requiring appropriations by the Legislature to be made by general laws. The Legislature has the discretion as to whether or not its purpose in making an appropriation could be best accomplished by a general or by a special act. See cases cited in the Richards case, supra. It is also to be observed that the constitution makes a distinction with reference to aid and credit between counties and boards of education. Article 10, section 6 of the constitution provides:
‘■‘The credit of the State shall hot be granted to, or in aid of any county, city, township, corporation or person; nor shall the state ever assume, or become responsible for the debts or liabilities of any county, city, township, corporation or person; . . .”
It is to be observed that a district board of education is a part of the state educational system created by the Legislature under article 12 and does not come within the limitation of section 6, article 10 quoted above. On the contrary, article 12, section 5 makes it mandatory for the Legislature to provide for the support of free schools by direct appropriations to be levied by general taxation of persons and properties or otherwise throughout the state.
*210 This court by majority decisions has made two awards to claimants who were pupils injured while attending the public free schools of the state, whose claims were filed in the same manner and form as the claim in the instant case, being claim of J. C. Richards, et al, number 48, in which case I wrote the majority opinion, and claim of William, Johnson, Jr., number 55, in which case Judge Bland wrote the majority opinion confirming the opinion in the Richards case by stating that the award was made for the reasons and upon the grounds set forth in the opinion of a majority of the court filed in the case of claim number 48, J. C. Richards, et al, v. Board of Education of Calhoun County and State Board of Education. The district boards of education involved in each of these claims were named respondents along with the state board of education, and these claims were filed in the same manner as the instant claim of Jess E. Miller. In this case the claimant, Jess E. Miller, was injured in the course of his employment while engaged as an employee in the construction of a high school building in Lewis county. There is nothing appearing from claimant’s petition to show that the state was not interested in the work being done, that the state was not contributing or did not owe a duty to contribute its proportion of the amount required for the support of free schools therein as is required by article 12, section 5 of the constitution. This section makes it obligatory upon the Legislature to provide for the support of free schools, and it is given plenary, if not absolute, power for this purpose. Kuhn v. Board of Education, 4 W. Va. 499.
There was nothing appearing from the pleadings to indicate that claimant had a remedy under chapter 23 of the code of West Virginia.
The reasoning of the majority opinion filed in this case cannot be reconciled with the majority opinion in the Richards and Johnson cases, supra. The issue was clearly drawn by the reasoning of Judge Schuck in his dissenting opinions in these cases. They were cases of such grave importance that where there was a diversity of thought, issues should be made clear and explicit, with the hope, as expressed in the minority *211 opinion, that the Legislature would see cause to enact laws affording a remedy in those and like- cases. Certainly that should be our aim regardless of the mode or manner of the remedy that may be afforded. It can be said that he is consistent in his view for the majority opinion in this case is based upon the reasoning expressed in his dissenting opinion in the Richards and Johnson cases.
The majority opinion in this case does not undertake to distinguish the decisions in the Richards and Johnson cases or to reconcile them with the majority opinion filed herein and therefore, the issue is left befuddled and the question as to the status of the Richards and Johnson cases is left in doubt and confusion. Claimants who are pupils injured in like manner as in the Richards and Johnson cases, through negligence of officers and employees of the public free school system of the state while attending public schools, would not know whether to file claims in the face of the majority opinion in this case adopting the reasoning of the dissenting opinion filed in the Richards and Johnson cases. Such claimants, having similar claims, although just, would be persuaded not to file their claims, by every logical conclusion of the reasoning in the majority opinion in this case. This situation would work an injustice upon them if the awards in the Richards and Johnson cases should be ratified by the Legislature and paid. Can it be said with reason when a claim is filed, without permitting a claimant to be heard upon the pleadings or otherwise, that a district board of education is not a state agency as contemplated by the act creating the court of claims, and for that reason alone this court does not have jurisdiction, and in other cases that the court has jurisdiction to hear claims arising through negligence of the officers and employees of such board? I recognize a distinction between that of an emplyee who contracts for employment with a board of education and, who, it might be said, assumes the risks and hazards of his employment, and that of a pupil, under the compulsory attendance law who is compelled to attend school without discretion on the pupil’s part as to the assumption of risks and hazards by his or her presence at the school.
*212 The Supreme Court of our state in the case of Rogers v. Jones, 115 W. Va., 320, 175 S. E. 781 ha dto deal with the question as to whether the terms of county school officers, including members of county or district boards of education should commence on the first day of January as provided for county officers under the constitution of West Virginia, article 4, section 7, when the act of 1933 creating county or district units, as interpreted by the court, fixed the first Monday in July as the beginning of the official term of members of the board. In that case the petitioner contended that the statute made county officers of members of the board. The court in its opinion referring to section 7 of article 4 of the constitution said:
“That section provides that the terms of county officers ‘not elected, or appointed to fill a vacancy, shall, unless herein otherwise provided, begin, on the first day of January.’ We are not in entire accord on whether the board members are county officers within the meaning of the constitution. We consider accordance thereon not of major importance, however, in view of the following provisions of article 12 of the constitution: Section 1. ‘The Legislature shall provide, by general law, for a thorough and efficient system of free schools’ ... We cannot conceive that the constitution would repose such absolute confidence in the judgment of the Legislature as Article 12 demonstrates, yet at the same time disallow legislative discretion regarding the one minor matter of when the terms of certain school officers should commence. Section 7, su-pra, itself, contemplated that the beginning of official terms would be ‘otherwise provided’ by the constitution. We are of opinion that the sweeping terms of Article 12, Sections 1 and 3, make such other provision.”
As was said by our Supreme Court in the Rogers case, supra, when the court stated that the members were not in entire accord on whether the board members are county officers, we should not consider accordance thereon of major importance in carrying out the intent of the Legislature with respect to creating the court of claims and complying with the *213 sweeping and mandatory terms of article 12, sections 1 and 3 of the constitution.
It certainly should be of interst to the Legislature that we be consistent with our reasoning or at least reconciling our views, in making our reports to it, and to the public when decisions are announced, to enable all claimants of the same class injured by negligence of the same class of agency to be of equal status in all our decisions and recommendations, so that there shall not be confusion among those within the same class, as -to whether or not they have a right to file their claims before this court for final determination to be made by the Legislature.
For the reasons herein set forth I dissent to the majority opinion filed in this case.