Chester **RAILING** and Paul Railing,
d/b/a C & P Coal Company,
Appellants,

v.

**UNITED MINE WORKERS OF AMER-
ICA, Appellee.**

No. 12723.

United States Court of Appeals,
Fourth Circuit.

July 13, 1971.

John J. Tribell (William S. Tribell
and William G. Johnson, Clarksburg, W.
Va., on the brief), for appellants.

**354**

M. E. Boiarsky, Charleston, W. Va. (Edward L. Carey, Harrison Combs, Willard P. Owens, Washington, D. C., and Michael Tomasky, Morgantown, W. Va., on the brief), for appellee.

Before BOREMAN, CRAVEN, and BUTZNER, Circuit Judges.

CRAVEN, Circuit Judge:

On March 22, 1971, 91 S.Ct. 991, the Supreme Court vacated our judgment in this case and remanded for further consideration in light of Zenith Radio Corporation v. Hazeltine Research, Inc., 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). The Court noted that both Section 303 of the Labor Management Relations Act of 1947, 29 U.S.C. § 187, and Section 4 of the Clayton Act, 15 U.S.C. § 15, (involved in Zenith) give a cause of action for injury to business or property. We were instructed to consider whether suits under the two statutes are distinguishable for purposes of determining the time at which a cause of action accrues, and to also further consider whether a Section 303 cause of action can sufficiently accrue to permit bringing suit as soon as the plaintiff suffers damage without sufficiently accruing to start the running of the statute of limitations on damages already suffered and for which suit may be, but is not, brought.

We asked counsel to brief these questions in the light of Zenith and have ourselves carefully reconsidered our prior opinions in an effort to resolve the questions reframed for us by the Court.

■ There are, of course, differences between the Labor Management Relations Act and the Clayton Act. It may well be theoretically possible to distinguish the statutes so as to render the Zenith interpretation of the Clayton Act inapplicable to a Section 303 cause of action. But a cause of action for injury to business or property is pretty much the same in nature whether derived from a statute governing labor-management relations or free enterprise between competing business entities. We think the order of remand is not an invitation to conclude that the rationale of Zenith is inapplicable to a Section 303 cause of action, and that instead the Court has intimated the contrary. There would appear to be no common sense reason why the Congress would intend that injuries to business or property be treated differently with respect to timeliness simply because one of the litigants may be a labor union.

We are supported in our analysis by the failure of either of the parties to contend, despite the invitation by the Court, that the two statutes are distinguishable for purposes of determining the time in which a cause of action accrues. We, therefore, conclude that the rationale of Zenith in its interpretation of the Clayton Act applies fully to similar suits for injury to business or property brought in the form of a Section 303 cause of action.

■ The application of Zenith to our case will produce a result, we think, somewhat in between the positions taken in our previous majority and minority opinions. Zenith holds that a cause of action accrues for the purpose of determining when a suit may be brought and also for the purpose of determining when the statute of limitation runs at the time that damage occurs. But Zenith recognizes that there may be situations where damages that will eventually result are insufficiently ascertainable to permit recovery at the time the unlawful conduct occurs. That such damages could not then be proved up because they are purely speculative does not mean that they may not be subsequently recoverable. A single wrong may produce immediately ascertainable damages and also have a future speculative impact and potential injury. In such a situation the cause of action accrues and the period of limitations begins to run at different points in time, but in both instances at the time that the damages are ascertainable.

Applying Zenith to our case we think that on remand the District Court should (1) consider the situation at the

earliest date of applicability of the statute of limitations (June 28, 1959); (2) determine which elements of damage would have been sufficiently ascertainable on or before June 28, 1959, and adjudge such claims barred by the period of limitations; (3) determine which elements of damage were speculative and not provable at that time, and adjudge that the period begins to run with respect to such speculative damages at the time that they could be proved up with reasonable precision.

In addition to punitive damages the Railings sought three kinds: one million dollars for loss of profits and damage to their business; one hundred thousand dollars for damage to property, machinery and equipment; twenty thousand dollars for sums expended to resume business operations. Applying *Zenith* to these allegations will produce, we think, the following pattern of possible recovery:

I. Recovery of the costs of resuming business would not be barred by the statute of limitations because there would be no way of determining those costs with reasonable precision until after the unlawful activity ceased and resumption of business had begun. Stated differently, and more accurately, the statute of limitations would not begin to run until the time at which these damages could be proved.

II. Recovery for specific property, machinery and equipment, damaged before June 28, 1959, would be barred. Recovery for such property damaged after June 28, 1959, would not be barred.

III. Lost profits which are reasonably attributed to the loss of daily sales before June 28, 1959, would be barred.

IV. Lost profits reasonably attributable to the loss of daily sales after June 28, 1959, would not be barred.

V. Lost profits or operating losses which can reasonably be attributed to the total effect of the illegal activity during the entire strike period because of the overall effect on plaintiff's business reputation and capacity to produce and perform contracts, and other similar losses which may be determined by the District Court to have been unascertainable on June 28, 1959, would not be barred. Stated differently, and more accurately, the statute of limitations would not begin to run with respect to such damages until such time as the District Court may determine that they were reasonably ascertainable.

The ultimate resolution as to the application of the rule fashioned in *Zenith* to any element of damage will, however, depend on further fact determinations by the District Court.

In *Zenith* it was noted that the Clayton Act provides for tolling of the statute of limitations for a private action during the pendency of an action brought by the United States for the same violation. 15 U.S.C. § 16(b). On remand the District Court should consider whether there may be appropriately fashioned an analogous tolling rule that would apply to the period of time during which an administrative proceeding involving the same alleged unlawful activity is pending before the National Labor Relations Board. The purpose of so-called statutes of repose is said to be to prevent suits after the evidence is stale. Depending upon the identity of issues before the Board it is possible that such a proceeding, like a government suit under the Clayton Act, may keep the litigants on guard to preserve and perpetuate evidence and have it available for subsequent litigation that may develop. This aspect of *Zenith* was not briefed, and we, therefore, express no opinion upon whether it has any application to our case.

Each side will bear its own costs.

The judgment in the District Court is vacated and the case is remanded with instructions.

Vacated and remanded.