Thomas ROBERTS, Plaintiff,

v.

Franklin ROWE and R. J. Allen, Magistrate for the County of McDowell, State of West Virginia, Defendants.

Civ. A. No. 78–1017.

United States District Court,
S. D. West Virginia,
Bluefield Division.

Feb. 17, 1981.

Harry G. Camper, Jr., Welch, W. Va., for plaintiff.

G. David Brumfield, Ballard & Brumfield, Welch, W. Va., for defendants.

## ORDER

KIDD, District Judge.

This action was filed on February 15, 1978, under the provisions of Title 42, United States Code, Section 1983.

The allegations of the complaint indicate that on May 7, 1977, the defendant Rowe, a city policeman, did shoot the plaintiff in the legs with a sawed-off shotgun and that blast caused the plaintiff the loss of his right leg. The plaintiff says that excessive force was used by this officer in attempting to effect an arrest, and this force caused personal injury.

The defendant Rowe filed his answer on March 23, 1978, generally denying the allegations of the complaint.

On November 18, 1980, the plaintiff, by counsel, moved the Court to allow substitution of the party plaintiff as a consequence of the May 2, 1979 death of the plaintiff. At a hearing conducted on December 1, 1980, the Court inquired as to whether the defendant objected to the motion, to which the defendant did object as reflected by the record in this matter.

The defendant says that since more than one year elapsed between the death of the plaintiff and the motion to substitute, the plaintiff is barred from reviving the action.

Considerations involving the survivability of 1983 actions are to be made according to state law. *Robertson v. Wegmann*, 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978); *Dean v. Shirer*, 547 F.2d 227 (4th Cir. 1976); *Davis v. Oregon State University*, 591 F.2d 493 (9th Cir. 1978); *Clark v. Mann*, 562 F.2d 1104 (8th Cir. 1977) (on limitation of actions); *Bryant v. Potts*, 528 F.2d 621 (5th Cir. 1976) (on limitations period); *Cf., Mohler v. Miller*, 235 F.2d 153 (6th Cir. 1956) and *Holmes v. Silver Cross Hospital of Joliet, Ill.*, 340 F.Supp. 125 (D.C.Ill.1972).

West Virginia law provides that actions do survive death of a party and may be revived. § 55–7–8a Code Ann.[1] Consistent

---

1. (a) In addition to the actions which survive at common law, causes of action for injuries to property, real or personal, or injuries to the person and not resulting in death, or for deceit or fraud, shall also survive; and such actions may be brought notwithstanding the death of the person entitled to recover or the death of the person liable.

\* \* \* \* \* \*

(b) If such action is begun during the lifetime of the injured party, and within the time permissible under the applicable statute of limitations as provided by Articles two [§ 55–2–1 et seq.] and two-A [§ 55–2A–1 et seq.] of this chapter, (either against the wrongdoer or his

with the statute, there is no question but that this action was filed during the plaintiff's lifetime. The conflict stems over whether substitution of parties must take place within any prescribed time period.

§ 55–7–8a(b) provides that as long as the action is begun within the proper statutory time, it "may be revived" in the event of the death of a plaintiff; this section does not say when revival must take place.

█ The defendant first argues that revival must occur within the time set forth in § 55–2–18, W.Va.Code Ann.[2] Counsel's reliance upon this article and section is erroneous.

█ The proper procedure to be followed in this case was for the defendant to suggest the death of the plaintiff, whereupon the plaintiff would then file its motion to substitute in accordance with Title 28, U.S.C., *Federal Rules of Civil Procedure*, Rule 25(a)(1).[3] Rule 25(a)(1) says:

"(a) Death

(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein

for the service of the motion, the action shall be dismissed as to the deceased party."

A fair reading of the Rule makes clear that the procedure set forth is discretionary and is not obligatory. The only mandatory procedure required is that required *if* the death *is* suggested. However, in the case now before the Court, the defendant did not suggest the plaintiff's death and therefore, the plaintiff may now successfully move for substitution.

Prior to 1973, Federal Rule 25(a)(1) set forth a precise time period in which the motion for substitution had to be made; the time was measured from date of death. The Rule was amended in 1973 to provide that the measure of time was to be from the date the death is suggested, as opposed to the time of death. Much of the inflexibility of the old rule was removed.

█ Granting of the motion is discretionary and the Court may deny leave to substitute. However, the defendant has shown no circumstances indicating that it would be unfair to grant the motion after this lapse of time. *See, Anderson v. Yungkau*, 329 U.S. 482, 67 S.Ct. 428, 91 L.Ed. 436 (1947).

The defendant's remaining contention is that this cause of action does not survive under West Virginia law. The defendant argues that, ". . . although the plaintiff alleges violations of his civil rights, he is actually alleging false arrest and malicious prosecution, which do not survive in West Virginia . . . ." Plaintiff further says that such actions were "specifically excluded by the legislature from the survivability stat-

---

personal representative), and such injured party dies pending the action, it may be revived in favor of the personal representative of such injured party and prosecuted to judgment and execution against the wrongdoer or his personal representative.

**2.** § 55–2–18 is captioned: *Extension of period for new action after abatement, dismissal, etc., of action commenced within due time*, and provides in pertinent part as follows:

"If any action or suit commenced within due time, in the name of or against one or more plaintiffs or defendants, abate as to one of them by the return of no inhabitant, or by his

or her death . . . the time within which a new action or suit must otherwise have been brought, the same may be brought within one year after such abatement, dismissal or other cause."

**3.** While it is true that the survivability of the action is a subject governed by state law, the procedure to follow is that of the federal courts. *Cf., Ransom v. Brennan*, 437 F.2d 513 (5th Cir. 1971), cert. denied 403 U.S. 904, 91 S.Ct. 2205, 29 L.Ed.2d 680. *Commercial Solvents Corp. v. Jasspon*, 92 F.Supp. 20 (D.C.N.Y.1950).

ute." The defendant cites cases to support the "specifically excluded" assertion.[4] While the West Virginia Supreme Court of Appeals did not find that W.Va.Code § 55–7–8a(a) "specifically excluded" the survivability of certain enumerated claims, it is suffice to say that no West Virginia case has held that a civil rights action does not survive the death of a plaintiff.

The Courts have consistently treated 42 U.S.C. § 1983 as a bit special, and have, without exception, recognized the liberality intended by its passage. The United States Supreme Court has made clear what Congress intended by its passage. In *Monroe v. Pape*, 365 U.S. 167, 173, 81 S.Ct. 473, 476, 5 L.Ed.2d 492 (1961) the Court listed the several purposes of § 1983, including: (1) creation of a cause of action to over-ride certain state laws, (2) to provide a federal remedy where the state remedy is inadequate, and (3) to provide a federal supplement to existing state remedies. *Accord, McNeese v. Board of Education*, 373 U.S. 668, 82 S.Ct. 1433, 10 L.Ed.2d 622 (1963). And, the Fourth Circuit has recognized the breadth of the remedies afforded by the Act. *Smith v. Hampton Training School for Nurses*, 360 F.2d 577 (4th Cir. 1966). A very important underlying policy of § 1983 is one of prevention; prevention of abuses of power by those who are charged with acting under color of state law. *Robertson v. Wegmann*, 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978). Thus, the purposes and policies of this Section are two-fold; first, to create a cause of action and remedy for the plaintiff and, second, to prevent or deter improper conduct by states and their officials.

With this background in mind, this Court will not accept the proposition that West Virginia's highest court would lump together false arrest and malicious prosecution with a civil rights claim involving personal injuries and deny the survivors an opportunity to vindicate wrongs *and* pre-vent constitutional abuses. *Cf., Brazier v. Cherry*, 293 F.2d 401 (5th Cir. 1961) (Fifth Circuit interpreting Georgia law regarding survivability). This Court acknowledges the factual differences in *Brazier, supra,* and the differences between the 1961 Georgia survival statute and that of West Virginia, but the reasoning and rational used in *Brazier,* as well as the factual similarities, demand current attention.

An analysis of the language of the West Virginia survival statute[5] itself would clearly indicate that this case can be maintained by the decedent's survivor. The statute says that claims for "injuries to the person and not resulting in death . . . also shall survive . . . ." In the absence of legislative or judicial language which expressly prohibits survival of a civil rights action, this Court is bound to follow the plain language of West Virginia's legislature. Courts have found that other actions brought pursuant to federal statutes do survive the death of a party. *Chafin v. Norfolk, etc., R. Co.,* 80 W.Va. 703, 93 S.E. 822 (1917) (Federal Employer's Liability Act), *Railing v. UMW,* 276 F.Supp. 238 (N.D.W. Va.1967) (Labor Management Relations Act) (vacated on other grounds in 445 F.2d 353).

The Court is of the opinion that this action does survive the plaintiff's death and substitution is therefore proper.

The Court is further of the opinion that the proper procedure to be followed to effect substitution is contained within Rule 25(a) of the Federal Rules of Civil Procedure and that procedure, while not followed, has not been violated.

It is, therefore, ORDERED that the plaintiff's motion to substitute be, and hereby is, GRANTED.

---

**4.** *Cavendish v. Moffit*, W.Va., 253 S.E.2d 558, 559 (1979).

*Snodgrass v. Sisson's Mobile Home Sales, Inc.,* W.Va., 244 S.E.2d 321, (1978).

**5.** See Footnote 1.