**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,**

v.

**Juan Vega VEGA and Gloria Bernard Rosado and the conjugal partnership they constitute, Defendants.**

**Civ. No. 82–2988 GG.**

United States District Court, D. Puerto Rico.

April 11, 1985.

Robert E. Montalvo, San Juan, Puerto Rico, for plaintiff.

## ORDER

GIERBOLINI, District Judge.

Pending before us is plaintiff's motion requesting that we reconsider our denial of its motion for substitution of parties and for presentation of amended complaint. A brief summary of the facts is necessary.

The complaint in this case was filed back in December 1982 against Juan Vega Vega and Gloria Bernard Rosado and the conjugal partnership constituted by them. Judgment by default was entered on August 1, 1983. On August 10, 1983, plaintiff filed a motion seeking that the judgment be amended *nunc pro tunc* and the same was granted. The amended judgment was entered on November 7, 1983. Plaintiff sought the execution of judgment by way of motion filed on December 20, 1983 and the order of execution was issued on December 23, 1983.

Almost a year after the order of execution was issued, and over a year after the amended judgment was entered, plaintiff now seeks to amend the complaint because it appears that defendant Juan Vega Vega died on May 18, 1976. Succinctly stated, plaintiff filed the complaint against a man who had been dead for six years and proceeded to serve summons by publication against the deceased. Not surprisingly, he failed to appear and the judgment obtained was, of course, in default. Plaintiff is now seeking to amend the complaint in order to substitute co-defendant Juan Vega Vega eight years after his death.

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides:

If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

A cursory review of this rule makes clear that the procedure set forth is purely discretionary and is not obligatory. Only when the death is suggested on the record, does the procedure become mandatory. *See Roberts v. Rowe*, 89 F.R.D. 398 (1981). However, it is not necessary that a suggestion of death be made before a motion for substitution can be filed.

The Advisory Committee Note to the 1963 Amendment of Rule 25(a)(1), which is reprinted at 31 F.R.D. 638–639, states in part: "A motion to substitute may be made by any party or by the representative of the deceased party without awaiting the suggestion of death. Indeed, the motion will usually be so made. If a party or the representative of the deceased party desires to limit the time within which another may make the motion, he may do so by suggesting the death upon the record."

▮ In the case now before us the suggestion of death was not made on the record. Therefore, the running of the 90-day period was never triggered and the court may, in the exercise of its discretion, deny leave to substitute. Cf. *Anderson v. Yungkau*, 329 U.S. 482, 67 S.Ct. 428, 91 L.Ed. 436 (1947). As the above cited facts clearly reveal, plaintiff has shown no circumstances which could conceivably justify its failure to substitute a defendant who has been dead for almost eight years and who had been long dead before the original complaint was filed. We cannot be forever at the whim of a lawyer who seeks to revive a case.

Moreover, we note that Rule 22.1 of the Puerto Rico Rules of Civil Procedure which deals with substitution of parties upon death provides that notice of death shall be given to the court and to the other parties within thirty (30) days after actual knowledge of the death. It further states that within six (6) months after said notice, the court shall order the substitution. However, if the substitution is not so made, the action shall be dismissed as to the deceased party.

It appears from the record that even though plaintiff was notified of defendant Juan Vega Vega's death on July 23, 1984, no notice of death was given as required by this rule. Since the procedure set forth in Rule 22.1 is mandatory, dismissal of the action would also be warranted. Regardless of which rule would be applicable, the result reached would be the same.

Additionally, plaintiff has obtained a judgment in this case which can be exe-cuted against the surviving co-defendant. At this time we intimate nothing regarding the filing of a new action against the heirs of Juan Vega Vega.

Therefore, notwithstanding the reasons set forth in plaintiff's motion for reconsideration, this motion is hereby denied.

SO ORDERED.